Case 8:23-cr-00054-JWH Document 1 Filed 05/03/23 Page 1 of 13 Page ID #:1

F I L E D
CLERK, U.S. DISTRICT COURT
05/03/2023
CENTRAL DISTRICT OF CALIFORNIA
BY: _____DVE_____ DEPUTY

**UNDER SEAL**

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

March 2023 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　　　　v.<br><br>AMADOU KANE DIALLO,<br><br>　　　　　Defendant. | No. 8:23-cr-00054-JWH<br><br>I N D I C T M E N T<br><br>[18 U.S.C. § 1343: Wire Fraud; 18 U.S.C. § 1957: Engaging in Monetary Transactions in Criminally Derived Proceeds; 18 U.S.C. §§ 981(a)(1)(c) and 982(a)(1), and 28 U.S.C. § 2461(c): Criminal Forfeiture] |

　　　The Grand Jury charges:

　　　　　　　　COUNTS ONE THROUGH NINETEEN

　　　　　　　　　　　[18 U.S.C. § 1343]

A.　　INTRODUCTORY ALLEGATIONS

　　　At times relevant to this Indictment:

　　　1.　　Defendant AMADOU KANE DIALLO was a resident of Orange County, California, within the Central District of California.

　　　2.　　Virtual Advisors, LLC ("Virtual Advisors") was a limited liability company with its principal place of business in Newport

1

Beach, California, within the Central District of California. Virtual Advisors was organized under the laws of California, and defendant DIALLO was the Chief Executive Officer, an employee, and an agent of Virtual Advisors.

3. Liquide, Inc. ("Liquide") was a corporation with its principal place of business in Newport Beach, California, within the Central District of California. Liquide was organized under the laws of California, and defendant DIALLO was the Chief Executive Officer, the Chief Financial Officer, the Secretary, an employee, and an agent of Liquide.

4. As part of his duties as an officer, employee, and agent of Virtual Advisors and Liquide, defendant DIALLO had signature authority for and access to the following Virtual Advisors and Liquide bank accounts:

    a. U.S. Bancorp ("U.S. Bank") account ending in 8351 in the name of Virtual Advisors ("U.S. Bank 8351"), which defendant DIALLO opened, operated, and maintained in the Central District of California; and

    b. U.S. Bank account ending 6564 in the name of Liquide ("U.S. Bank 6564"), which defendant DIALLO opened, operated, and maintained in the Central District of California.

B.    THE SCHEME TO DEFRAUD

5. Beginning in or around 2015, and continuing through at least in or around January 2020, in Orange County, within the Central District of California, and elsewhere, defendant DIALLO, knowingly and with intent to defraud, devised, participated in, and executed a scheme to defraud victim-investors as to material matters, and to obtain money and property from such victim-investors by means of

2

material false and fraudulent pretenses, representations, and promises, and the concealment of material facts, relating to investments in Virtual Advisors and Liquide.

6. The scheme to defraud operated, in substance, as follows:

a. Defendant DIALLO, on his own behalf and on behalf of Virtual Advisors and Liquide, falsely represented himself to be a self-made millionaire and successful entrepreneur who had become wealthy working in e-commerce, information technology, and other industries. To signal to the victim-investors his success as a businessman, defendant DIALLO flaunted his ownership of luxury homes and vehicles, falsely claimed that he owned them debt-free, and at times falsely claimed to be one of the richest men in Africa.

b. Defendant DIALLO contacted potential victim-investors, mostly his friends and acquaintances, and solicited their investment with him and his companies. Defendant DIALLO presented varying investment opportunities to potential victim-investors, including business ventures in technology, healthcare, real estate, home ownership, and service to the African diaspora. In furtherance of the scheme to defraud, defendant DIALLO falsely represented to potential victim-investors that he could self-finance the proposed business ventures without additional investor funds, instead claiming that the purpose of their investment was to satisfy institutional investors who would require potential victim-investors to show "skin in the game" - *i.e.,* a contribution to the business ventures.

c. On multiple occasions, to further the scheme to defraud, defendant DIALLO falsely represented to potential victim-investors that he had previously raised hundreds of millions of dollars for Investment Firm A for a real estate investment fund. In

fact, as defendant DIALLO then knew, defendant DIALLO never raised funds for Investment Firm A.

   d. At various times, defendant DIALLO falsely represented that potential victim-investors' funds would (i) be used to further interests and objectives of the victim-investors, or (ii) not be expended at all, and instead merely serve as "skin in the game," permitting a victim-investor to participate in the success of defendant DIALLO's purported business ventures and attract institutional investors. In at least one instance, defendant DIALLO specifically represented in a victim-investor's promissory note that the victim-investor's funds would be used for business operations, and not be used for any personal, family, or household purpose. Defendant DIALLO's false representations lulled victim-investors into a false belief that investing in defendant DIALLO's companies presented substantial upside with little to no risk. In fact, contrary to defendant DIALLO's representations to potential victim-investors, defendant DIALLO intended to use their funds for his own personal expenses and to support his high-end lifestyle.

   e. In furtherance of the scheme, defendant DIALLO caused each victim-investor to sign a one-year convertible promissory note that falsely guaranteed a minimum ten percent return on investment and return of principal, with the option to convert the note into equity at the maturity date. In fact, defendant DIALLO never paid victim-investors the promised return on investment and never returned their principal investment.

   f. Victim-investors, in reliance on these false statements transferred their funds to defendant DIALLO, Virtual Advisors, and Liquide. In some instances, and at the direction of

4

defendant DIALLO, victim-investors transferred funds from their retirement accounts.

   g. Defendant DIALLO used the majority of victim-investors' funds on personal expenses, including: (1) rent payments on his home (which he did not, in fact, own); (2) luxury vehicles, including payments for a Rolls-Royce and a Ferrari; (3) clothes and other personal shopping and dining; (4) fitness club memberships and spas; and (5) Amazon purchases.  Additionally, unbeknownst to victim-investors, defendant DIALLO used victim-investor funds to lavishly host and entertain foreign government officials.

   h. By means of the fraudulent scheme described above, defendant DIALLO caused at least 11 victim-investors to pay him, Virtual Advisors, and Liquide approximately $1,878,729.

   i. At the time the false and fraudulent pretenses, representations, promises, and omitted facts described above were made, defendant DIALLO knew they were being made, and knew they were false.  The false and fraudulent pretenses, representations, promises, and omitted facts were material because they were capable of influencing and did influence the decisions of victim-investors, or potential victim-investors.

C. <u>USE OF INTERSTATE WIRES</u>

  7. On or about the dates set forth below, in Orange County, within the Central District of California, and elsewhere, for the purpose of executing the above-described scheme to defraud, defendant DIALLO transmitted and caused the transmission of the following items by means of wire communication in interstate and foreign commerce:

| COUNT | DATE | ACCOUNT | AMOUNT | INTERSTATE WIRE TRANSMISSION |
|---|---|---|---|---|
| ONE | 5/9/2018 | Virtual Advisors U.S. Bank 8351 | $20,000 | Electronic funds transfer from Victim Z.K. through Federal Reserve Bank of New York data centers in New Jersey and Texas to Virtual Advisors U.S. Bank 8351. |
| TWO | 5/9/2018 | Virtual Advisors U.S. Bank 8351 | $50,000 | Electronic funds transfer from Victim Z.K. through Federal Reserve Bank of New York data centers in New Jersey and Texas to Virtual Advisors U.S. Bank 8351. |
| THREE | 5/15/2018 | Virtual Advisors U.S. Bank 8351 | $100,000 | Electronic funds transfer from Victim T.C. through Federal Reserve Bank of New York data centers in New Jersey and Texas to Virtual Advisors U.S. Bank 8351. |
| FOUR | 6/5/2018 | Virtual Advisors U.S. Bank 8351 | $30,000 | Electronic funds transfer from Victim Z.K. through Federal Reserve Bank of New York data centers in New Jersey and Texas to Virtual Advisors U.S. Bank 8351. |
| FIVE | 6/18/2018 | Virtual Advisors U.S. Bank 8351 | $39,000 | Electronic funds transfer from Victim A.M. through Federal Reserve Bank of New York data centers in New Jersey and Texas to Virtual Advisors U.S. Bank 8351. |

| COUNT | DATE | ACCOUNT | AMOUNT | INTERSTATE WIRE TRANSMISSION |
|---|---|---|---|---|
| SIX | 7/12/2018 | Virtual Advisors U.S. Bank 8351 | $49,000 | Electronic funds transfer from Victim A.M. through Federal Reserve Bank of New York data centers in New Jersey and Texas to Virtual Advisors U.S. Bank 8351. |
| SEVEN | 8/3/2018 | Virtual Advisors U.S. Bank 8351 | $100,000 | Electronic funds transfer from Victim T.C. through Federal Reserve Bank of New York data centers in New Jersey and Texas to Virtual Advisors U.S. Bank 8351. |
| EIGHT | 8/15/2018 | Virtual Advisors U.S. Bank 8351 | $10,000 | Electronic funds transfer from Victim Z.K. through Federal Reserve Bank of New York data centers in New Jersey and Texas to Virtual Advisors U.S. Bank 8351. |
| NINE | 9/26/2018 | Virtual Advisors U.S. Bank 8351 | $25,000 | Electronic funds transfer from Victim M.M. through Federal Reserve Bank of New York data centers in New Jersey and Texas to Virtual Advisors U.S. Bank 8351. |
| TEN | 10/10/2018 | Virtual Advisors U.S. Bank 8351 | $20,000 | Electronic funds transfer from Victim B.P. through Federal Reserve Bank of New York data centers in New Jersey and Texas to Virtual Advisors U.S. Bank 8351. |

| COUNT | DATE | ACCOUNT | AMOUNT | INTERSTATE WIRE TRANSMISSION |
|---|---|---|---|---|
| ELEVEN | 10/30/2018 | Virtual Advisors U.S. Bank 8351 | $252,000 | Electronic funds transfer from Victim W.K. through Federal Reserve Bank of New York data centers in New Jersey and Texas to Virtual Advisors U.S. Bank 8351. |
| TWELVE | 10/31/2018 | Virtual Advisors U.S. Bank 8351 | $85,000 | Electronic funds transfer from Victim M.P. through Federal Reserve Bank of New York data centers in New Jersey and Texas to Virtual Advisors U.S. Bank 8351. |
| THIRTEEN | 12/13/2018 | Virtual Advisors U.S. Bank 8351 | $81,229.31 | Electronic funds transfer from Victim W.K. through Federal Reserve Bank of New York data centers in New Jersey and Texas to Virtual Advisors U.S. Bank 8351. |
| FOURTEEN | 1/8/2019 | Virtual Advisors U.S. Bank 8351 | $330,000 | Electronic funds transfer from Victim C.K. through Federal Reserve Bank of New York data centers in New Jersey and Texas to Virtual Advisors U.S. Bank 8351. |
| FIFTEEN | 1/29/2019 | Virtual Advisors U.S. Bank 8351 | $10,000 | Electronic funds transfer from Victim Z.K. through Federal Reserve Bank of New York data centers in New Jersey and Texas to Virtual Advisors U.S. Bank 8351. |

| COUNT | DATE | ACCOUNT | AMOUNT | INTERSTATE WIRE TRANSMISSION |
|---|---|---|---|---|
| SIXTEEN | 2/22/2019 | Virtual Advisors U.S. Bank 8351 | $10,000 | Electronic funds transfer from Victim T.C. through Federal Reserve Bank of New York data centers in New Jersey and Texas to Virtual Advisors U.S. Bank 8351. |
| SEVENTEEN | 2/26/2019 | Liquide U.S. Bank 6564 | $112,000 | Electronic funds transfer from Victim A.N. through Federal Reserve Bank of New York data centers in New Jersey and Texas to Liquide U.S. Bank 6564. |
| EIGHTEEN | 4/24/2019 | Liquide U.S. Bank 6564 | $170,000 | Electronic funds transfer from Victim C.K. through Federal Reserve Bank of New York data centers in New Jersey and Texas to Liquide U.S. Bank 6564. |
| NINETEEN | 5/29/2019 | Liquide U.S. Bank 6564 | $50,000 | Electronic funds transfer from Victim T.C. through Federal Reserve Bank of New York data centers in New Jersey and Texas to Liquide U.S. Bank 6564. |

COUNTS TWENTY AND TWENTY-ONE

[18 U.S.C. § 1957]

8.  The Grand Jury incorporates paragraphs 1 through 7 of this Indictment here.

9.  On or about the dates set forth below, in Orange County, within the Central District of California, and elsewhere, defendant AMADOU KANE DIALLO knowingly engaged in the following monetary transactions of a value greater than $10,000, involving funds he knew to be criminally derived property, which property, in fact, was derived from specified unlawful activity, that is, wire fraud, in violation of Title 18, United States Code, Section 1343, as alleged in Counts One through Nineteen of this Indictment.

| COUNT | DATE | ACCOUNT | AMOUNT | INTERSTATE WIRE TRANSMISSION |
|---|---|---|---|---|
| TWENTY | 5/16/2018 | Virtual Advisors U.S. Bank 8351 | $133,778.28 | Wire transfer to bank account of British Motorcars, LLC DBA Rolls-Royce Motor Cars Orange County for the purchase of a used 2010 Rolls-Royce Ghost. |
| TWENTY-ONE | 11/14/2018 | Virtual Advisors U.S. Bank 8351 | $177,185.08 | Wire transfer to bank account of O'Gara Coach San Diego, LLC for the purchase of a used 2013 Ferrari Spider 458. |

FORFEITURE ALLEGATION ONE

[18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c)]

10. Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offenses set forth in any of Counts One through Nineteen of this Indictment.

11. The defendant, if so convicted, shall forfeit to the United States of America the following:

    (a) All right, title, and interest in any and all property, real or personal, constituting, or derived from, any proceeds traceable to the offenses; and

    (b) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

12. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the defendant, if so convicted, shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

FORFEITURE ALLEGATION TWO

[18 U.S.C. § 982(a)(1)]

13. Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence in accordance with Title 18, United States Code, Section 982(a)(1), in the event of the defendant's conviction of the offenses set forth in any of Counts Twenty and Twenty-One of this Indictment.

14. The defendant, if so convicted, shall forfeit to the United States of America the following:

   (a) Any property, real or personal, involved in such offense, and any property traceable to such property; and

   (b) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

15. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b), the defendant, if so convicted, shall forfeit substitute property, up to the total value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph, or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to or deposited with a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty. Substitution of assets shall not be ordered, however, where the convicted defendant acted merely as an intermediary who handled but

Case 8:23-cr-00054-JWH Document 1 Filed 05/03/23 Page 13 of 13 Page ID #:13

did not retain the property in the course of the money laundering offense unless the defendant, in committing the offense or offenses giving rise to the forfeiture, conducted three or more separate transactions involving a total of $100,000 or more in any twelve-month period.

A TRUE BILL

/s/
Foreperson

E. MARTIN ESTRADA
United States Attorney

GLENN S. LEON
Chief, Fraud Section
U.S. Department of Justice

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division

WILLIAM E. SCHURMANN
Trial Attorney, Fraud Section

BENJAMIN R. BARRON
Assistant United States Attorney
Chief, Santa Ana Branch Office

BRADLEY E. MARRETT
Assistant United States Attorney
Deputy Chief, Santa Ana Branch Office

RYAN G. ADAMS
Special Assistant United States Attorney, Santa Ana Branch Office