TODD BLANCHE
Deputy Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division
RYAN G. ADAMS (Cal. Bar No. 262227)
Special Assistant United States Attorney
Orange County Office
    Ronald Reagan Federal Bldg. & U.S. Courthouse
    411 West 4th Street, Suite 8000
    Santa Ana, California 92701
    Telephone:    (714) 338-3590
    Facsimile:    (714) 338-3708
    E-mail:        ryan.adams2@usdoj.gov

LORINDA I. LARYEA
Chief, Fraud Section
WILLIAM E. SCHURMANN
Assistant Deputy Chief
ABDUS S. PARDESI
Trial Attorney
United States Department of Justice
Criminal Division, Fraud Section
Foreign Corrupt Practices Act Unit
    1400 New York Ave., NW
    Washington, DC 20005
    Telephone: (202) 606-0829 / (202) 307-2208
    Email:        william.schurmann2@usdoj.gov
                    abdus.samad.pardesi@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>AMADOU KANE DIALLO,<br><br>Defendant. | No. 8:23-cr-00054-AH<br><br>STIPULATION REGARDING SEVENTH REQUEST FOR (1) CONTINUANCE OF TRIAL DATE AND (2) FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT<br><br>**CURRENT TRIAL DATE:    03/10/2026**<br>**PROPOSED TRIAL DATE:    08/18/2026** |

Plaintiff United States of America, by and through its counsel of record, the First Assistant United States Attorney for the Central District of California and Special Assistant United States Attorney Ryan G. Adams and Department of Justice Attorneys William E. Schurmann and Abdus S. Pardesi, and defendant Amadou Kane Diallo ("defendant"), both individually and by and through his counsel of record, Benjamin P. Lechman, hereby stipulate as follows:

1.     The Indictment in this case was made public on June 1, 2023.  Defendant first appeared before a judicial officer of the court in which the charges in this case were pending on June 1, 2023.  The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence on or before August 10, 2023.[1]

2.     On June 1, 2023, the Court set a trial date of July 24, 2023, and a status conference date of July 7, 2023.

3.     Defendant is detained pending trial.  The parties estimate that the trial in this matter will last approximately 10-12 days.

4.     The Court has previously continued the trial date in this case from July 24, 2023 to March 10, 2026, and found the interim period to be excluded in computing the time within which the trial must commence, pursuant to the Speedy Trial Act.

5.     This Court held a status conference in this matter on March 6, 2026.  At that conference, at the request of defendant, the Court continued the trial date from March 10, 2026 to August 18, 2026.

6.     Defendant requests the continuance based upon the following facts, which the parties believe demonstrate good cause to support the appropriate findings under the Speedy Trial Act and which supplement the findings made by the Court at the status conference:

---

[1] The Superseding Indictment in this case was filed on September 20, 2023. Defendant first appeared before a judicial officer of the court in which the charges in the Superseding Indictment were pending on October 16, 2023.

a. Defendant is charged with violations of 18 U.S.C. §§ 1343 (Wire Fraud), 1957 (Engaging in Monetary Transactions in Criminally Derived Proceeds), and 15 U.S.C. § 78dd-2 (Violation of the Foreign Corrupt Practices Act). The government has produced discovery to the defense, including over 890,326 pages of written reports, photographs, financial and business records, as well as hours of audio and video recordings. Additionally, the government has produced the entire contents of three of defendant's digital devices containing approximately 156 gigabytes of information that were seized pursuant to a search warrant.

b. Due to the nature of the prosecution and the existence of novel questions of fact or law, including the charge of violation of the Foreign Corrupt Practices Act in the Superseding Indictment, and the voluminous discovery produced to defendant, this case is so unusual and so complex that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the Speedy Trial Act time limits.

c. On March 6, 2026, defendant's current counsel, Benjamin P. Lechman, substituted in as counsel of record. Accordingly, counsel represents that he will not have the time that he believes is necessary to prepare to try this case on the current trial date.

d. In light of the foregoing, counsel for defendant also represents that additional time is necessary to confer with defendant, conduct and complete an independent investigation of the case, conduct and complete additional legal research including for potential pre-trial motions, review the discovery and potential evidence in the case, prepare a complete privilege log and litigate any issues related to potentially protected material contained on defendant's seized digital devices, and prepare for trial in the event that a pretrial resolution does not occur. Defense counsel represents that failure to grant the continuance would deny him reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

e. There is a motion that remains pending before the Court (Dkt. 116).

f. Defendant's request for the continuance resulted in the unavailability of at least one essential witness until after at least August 18, 2026.

g. At the March 6, 2026 status conference, the Court advised defendant personally as to his rights under the Speedy Trial Act, and defendant knowingly and voluntarily agreed to the continuance of the trial date, and waived his right to be brought to trial earlier than August 18, 2026.

h. Defendant believes that failure to grant the continuance will deny him continuity of counsel and adequate representation.

i. The government does not object to the continuance.

j. The requested continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorney for the government or the defense, or failure on the part of the attorney for the Government to obtain available witnesses.

7. For purposes of computing the date under the Speedy Trial Act by which defendant's trial must commence, the parties agree that the time period of March 10, 2026 to August 18, 2026, inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(3)(A), (h)(7)(A), (h)(7)(B)(i), (h)(7)(B)(ii), and (h)(7)(B)(iv) because the delay results from a continuance granted by the Court at defendant's request, without government objection, on the basis of the Court's finding that: (i) the continuance results in the unavailability of an essential witness; (ii) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (iii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; (iv) the case is so unusual and so complex, due to the nature of the prosecution and the existence of novel questions of fact or law, that it is unreasonable to expect preparation for pre-trial proceedings or for the trial itself within the time limits established by the Speedy Trial Act; and (v) failure to grant the continuance would unreasonably deny defendant continuity of counsel and

would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

8.      Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence.  Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO STIPULATED.

Dated: March 10, 2026                    Respectfully submitted,


TODD BLANCHE
Deputy Attorney General

BILAL A. ESSAYLI
First Assistant United States Attorney

ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division


            /s/
RYAN G. ADAMS
Special Assistant United States Attorney

WILLIAM E. SCHURMANN
ABDUS S. PARDESI
Department of Justice Trial Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

//

//

//

//

//

//

5

I am Amadou Kane Diallo's attorney. I have carefully discussed every part of this stipulation and the continuance of the trial date with my client. I have fully informed my client of his Speedy Trial rights. To my knowledge, my client understands those rights and agrees to waive them. I believe that my client's decision to give up the right to be brought to trial earlier than August 18, 2026 is an informed and voluntary one.

*Benjamin P. Lechman*                                    03/12/2026

BENJAMIN P. LECHMAN                          Date
Attorney for Defendant
AMADOU KANE DIALLO

I have read this stipulation and have carefully discussed it with my attorney. I understand my Speedy Trial rights. I voluntarily agree to the continuance of the trial date, and give up my right to be brought to trial earlier than August 18, 2026.

_____            3-11-26

AMADOU KANE DIALLO                          Date
Defendant

6